Filed 4/13/26  P. v. Lucas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085363 |
| v. | (Super.Ct.No. FWV1000278) |
| ANTHONY WAYNE LUCAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Reversed and remanded with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, and Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

In 2011, defendant and appellant Anthony Wayne Lucas was convicted of residential burglary (Pen. Code,[1] § 211) and the trial court found true several prior conviction allegations (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i), 667, subd. (a)(1), 667.5, subd. (b)).  The trial court sentenced defendant to 35 years to life, and in doing so, imposed but stayed the additional sentences for his three prior prison term (§ 667.5, subd. (b)) enhancements.  In 2023, the court resentenced defendant under section 1172.1 by reducing defendant's sentence to 22 years and left the three prior prison term enhancements stayed.  In 2024, defendant filed a petition under section 1172.75 because the prior prison term enhancements remained stayed on his judgment.  At the hearing, however, defense counsel, the prosecutor, and the court all agreed that the enhancements had been stricken.  Thus, the trial court declined to resentence defendant because it believed he had no prior prison term enhancements on his judgment and because he had already been resentenced in 2023 and was not eligible for additional resentencing.

On appeal, defendant argues the matter should be remanded for a full resentencing hearing under section 1172.75.  The People agree a limited remand is warranted to ascertain the status of the prior prison term enhancements given the confusion on the record, but believe defendant is not entitled to a full resentencing hearing because defendant was resentenced in 2023, which constitutes a new judgment, and the

---

[1]  All future statutory references are to the Penal Code.

resentencing provisions of section 1172.75 only apply to prior prison term enhancements imposed before January 1, 2020. Because the ambiguous record indicates the prior prison terms were imposed prior to January 1, 2020, and were never stricken or reimposed, we believe the matter must be remanded for the trial court to recall defendant's sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

## II.

## PROCEDURAL BACKGROUND[2]

In June 2011, a jury found defendant guilty of residential burglary (§ 459). In a bifurcated proceeding, the trial court found true that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)) and three prior prison term enhancements (§ 667.5, subd. (b)).

In September 2011, the trial court sentenced defendant to a total term of 35 years to life. In doing so, it stayed imposition of the prior prison term enhancements. The abstract of judgment reflected that the prison priors had been stayed, but the initial minute order incorrectly reflected the prison priors had been stricken.[3]

Defendant subsequently appealed and his judgment of convictions was affirmed by this court.

---

[2] The underlying factual background is not relevant to the limited legal issue raised on appeal. We therefore dispense with a statement of facts.

[3] A later amended minute order shows the prison priors were stayed.

On May 9, 2022, the California Department of Corrections and Rehabilitation (CDCR) recommended recall and resentencing pursuant to section 1170.03 (now section 1172.1).

On November 16, 2022, the trial court granted the recall request and set a date for resentencing hearing.

On August 15, 2023, the trial court exercised its discretion to strike one of the prior strike convictions and reduced defendant's sentence to a determinate term of 22 years in state prison. The court discussed but did not dismiss the section 667.5 prior prison term enhancements that had been previously stayed. The court found that prison priors which had been stayed fell outside the spirit of Senate Bill No. 483 and did not entitle a petitioner to resentencing under its provisions. When the court inquired whether defendant was on the "SB 483" list, counsel responded that he did not believe that he was. However, the court was mindful that defendant was entitled to relitigate his request to strike his prior strike convictions and that any ameliorative statutes could be applied. After discussing defendant's background at length, the court exercised its discretion and struck one of his prior strike convictions. In doing so, it adopted all previous sentencing orders other than the ones it had elected to change.

The abstract of judgment filed August 17, 2023, incorrectly shows "PC 667(B)" with five years imposed for each "667(B)," rather than a five-year term imposed pursuant to section 667, subdivision (a). The abstract of judgment does not reflect the one-year prior prison terms.

4

In October 2024, after CDCR identified defendant as being eligible for section 1172.75 relief, the court issued an order to produce defendant for a resentencing hearing under section 1172.75, and several weeks later, ordered briefing on the issue.

On December 30, 2024, defendant filed a request for resentencing under section 1172.75. Defense counsel filed a brief arguing that defendant's prison priors had been imposed and stayed, and consequently, he was entitled to a full resentencing hearing under section 1172.75 because his stayed prison priors rendered him eligible under statute. It does not appear that the People filed a response.

A hearing on defendant's section 1172.25 petition was held on January 13, 2025. At the hearing, the court referenced informal discussions that occurred prior to the hearing. The court then reviewed defendant's sentence, incorrectly noting he was serving 35 years to life, and that several prison priors were dismissed at the time of resentencing. Defense counsel indicated that he had understood that the hearing on that date was to determine eligibility. The prosecution agreed and noted a tentative decision made by the court finding that defendant was not eligible because he had already been resentenced.

The trial court inquired of defense counsel whether defendant's prison priors were stricken or dismissed at the time of resentencing in August 2023 pursuant to section 1172.1. Defense counsel incorrectly stated they were, and agreed that at the time of resentencing, the court struck one of defendant's prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). Defendant was nevertheless seeking another *Romero* motion and a reconsideration of the imposition of

5

his two five-year prior serious felony convictions since he was entitled to a full resentencing under section 1172.75. The court noted that defendant already had a full resentencing hearing in 2023, and no longer had any prison priors in his judgment, so section 1172.75 did not apply. Defense counsel argued that defendant was still entitled to resentencing under that section because he had stayed prison priors on his judgment at the time the law became effective. The court agreed that any prison priors were no longer valid under section 1172.75. However, because the priors had been stricken or dismissed and defendant received a full resentencing, he was not entitled to another resentencing hearing.

The prosecutor agreed and stated that when the court previously resentenced defendant, the court was aware that the prison priors had already been stricken. The prosecutor believed that holding another resentencing hearing would be duplicative and an invalid attempt to second-guess the prior court's sentencing decision. Specifically, the prosecutor responded: "[The People] think the Court is entirely correct. That's exactly what we mean by a full resentencing. It doesn't make sense to have additives that we've got multiple resentencings that are full resentencings. What they are describing is a partial resentencing, which didn't occur. It would only make sense if they were partial resentencings relative to each of the statutes. But the whole point of a full resentencing statute, it's just that—to include the entire sentence. [¶] So at the time when Judge Molloy did rule on this, he was aware that the prison priors had been stricken. And he can consider everything that is being requested under the full resentencing rule. So the

6

concept of having a duplicative full resentencing doesn't make any sense. It's really just an attempt to second-guess the full resentencing that they did—already have in this case. [¶] And it would be a waste of resources as well as not a valid attempt under the full resentencing rule to really just second-guess the sentence imposed by the prior judge."

The court pointed out that Judge Molly was the same judge who previously struck or dismissed the prison priors under section 1172.75 and conducted the full resentencing hearing under section 1172.1. The court acknowledged that a resentencing hearing on the prison priors should have been held when section 1172.75 became effective, but any error was cured when defendant was resentenced under section 1172.1 in 2023.

Defense counsel maintained that the two statutes required its own separate full resentencing hearings. Defense counsel explained, "So, in other words, if he had been referred down here by C[D]CR, say, in 2021, he would have had that resentencing and then come back a year later under the prison prior, assuming the prison priors were still the record on the sentence after the resentencing under 1172.1, he would have came back and had a second resentencing. . . . [¶] The way it came down right now somehow overcomes—with the plain language of the statutes require in that they both require full resentencing."

The trial court agreed with the example defense counsel brought up and "if that had been the situation here, I do think you could have been entitled to two full resentencing hearings. I do agree with you there. But this situation is the opposite of the one that you proposed."

After considering the parties' arguments, the trial court denied the request for resentencing under section 1172.75 because he was statutorily ineligible as he did not have any current prison priors. In the alternative, the court also found that defendant had been previously resentenced under section 1172.1 where relevant considerations relating to the sentence had been raised, and that since defendant had availed himself of one complete resentencing hearing, he was not entitled to another resentencing hearing. Defendant timely appealed.

III.

DISCUSSION

Defendant contends he is entitled to a resentencing hearing pursuant to section 1172.75 because his three imposed and stayed one-year prior prison term enhancements remain on his record, despite having received a full resentencing hearing in August 2023 pursuant to section 1172.1. The People respond defendant is not entitled to a new resentencing hearing under section 1172.75 because judgment was imposed after January 1, 2022. They, nevertheless, claim remand is necessary for the limited purpose of allowing the trial court to strike any unauthorized prison priors that remain.

A. *Section 1172.75 Generally*

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5(b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of

8

Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021-2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled.  As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.]  The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.]  In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)  " " 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements.' " "

(*People v. Dixon* (2025) 112 Cal.App.5th 236, 243.) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

B. *Section 1172.1 Generally*

Section 1172.1 derived from former subdivision (d)(1) of section 1170 which, prior to January 1, 2022, "authorize[d] the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. [Citations.] The CDCR recommendation furnishe[d] the court with jurisdiction it would not otherwise have to recall and resentence and [was] 'an invitation to the court to exercise its equitable jurisdiction.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

"Assembly Bill No. 1540 (2021-2022 Reg Sess.) . . . came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170[, subdivision] (d)(1) to new section 1170.03."[4] (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038.) "[T]he Legislature repeatedly indicated that Assembly Bill

---

[4] Effective June 30, 2022, the Legislature renumbered section 1170.03 to section 1172.1, but made no substantive changes. (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818 (*Braggs*).)

[No.] 1540 was intended to 'make clarifying changes' to former section 1170[, subdivision] (d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing." (*McMurray*, at p. 1041.)

Effective January 1, 2024, Assembly Bill No. 600 (2023-2024 Reg. Sess.) amended section 1172.1, subdivision (a)(1) to state that "[w]hen a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of [CDCR] or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, [or] at any time upon the recommendation of the [S]ecretary [of CDCR] . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (§ 1172.1, subd.(a)(1).)

"The court, in recalling and resentencing [under] this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) "A defendant is not entitled

to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

However, if the Secretary of CDCR makes the recall and resentencing request under the provisions of section 1172.1, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).)  Section 1170.18, subdivision (c) defines an " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the [petitioner] will commit a new violent felony within the meaning of [clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667]."  (See *Braggs*, *supra*, 85 Cal.App.5th at p. 818.)

In a section 1172.1 recall and resentencing hearing, "the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5).)

Section 1172.1 provides an exception to the general rule that a trial court has no jurisdiction to resentence a defendant after execution of the original sentence, by

13

authorizing a recall and resentencing procedure that may be invoked when, for example, the CDCR recommends resentencing.  (§ 1172.1, subd. (a)(1); *People v. Codinha* (2023) 92 Cal.App.5th 976, 983-985, 986-987.)

C.  *Standard of Review*

We review a trial court's sentencing decisions in a section 1172.75 resentencing proceeding for abuse of discretion.  (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628; *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856.)  However, where the appeal from a resentencing order "raises questions of law, our review is de novo."  (*Mathis*, at p. 366; see *People v. Braden* (2023) 14 Cal.5th 791, 804 [" 'The interpretation of a statute presents a question of law that this court reviews de novo.' "].)

D.  *Analysis*

The People argue that while the prior prison term enhancements should be stricken if they remain on the judgment, defendant is not entitled to full resentencing because his "current judgment" dates from August 15, 2023—after January 1, 2020.  They contend that because section 1172.75, subdivision (a), applies only to enhancements "imposed prior to January 1, 2020," and because resentencing in 2023 resulted in a "new judgment," defendant falls outside the statute's scope.  We disagree.

The three prior prison term enhancements were imposed and stayed at the original sentencing hearing in September 2011 and were not reimposed at the August 2023 resentencing hearing.  In fact, at the August 2023, resentencing hearing pursuant to

14

section 1172.1, relying on this court's decision in *Rhodius*, which was subsequently disapproved of by our Supreme Court, the trial court believed defendant was not eligible under section 1172.75 because his prior prison term enhancements had been stayed. The court thus did not address the imposed and stayed prior prison terms or order the enhancements stricken. The court also did not reimpose the enhancements. Rather, the court's minute order of the August 2023 resentencing hearing notes that "all other orders to remain in full force and effect," and the court stated it was adopting "all other previous sentencing decisions other than the amount of time which I've already articulated."

The fact that defendant was resentenced in 2023 pursuant to section 1172.1 does not change the date of when the stayed prior prison term enhancements were originally imposed. Significantly, CDCR identified defendant as eligible for section 1172.75 relief well after the 2023 resentencing, with the first notice in the record appearing more than a year later. CDCR compiled the Senate Bill No. 483 list by reviewing judgments to identify those that include section 667.5, subdivision (b), enhancements imposed prior to January 1, 2020. CDCR would not have placed defendant on this list if its records showed the enhancements had been stricken.

Furthermore, we agree with defendant that resentencing pursuant to section 1172.1 is not interchangeable with section 1172.75. Assembly Bill No. 600 amended the resentencing procedure established by section 1172.1, which pertains to a resentencing commenced upon the court's own motion or recommendation by a party such as a correctional authority or district attorney. Section 1172.75 applies automatically and

15

mandatorily when a sentence enhancement was imposed under section 667.5, subdivision (b). In August 2023, defendant was resentenced pursuant to section 1172.1, and the trial court believed defendant was not eligible for relief under the recall and resentencing mandated by section 1172.75 because his three prior prison terms had been stayed. The court thus did not order the three stayed prior prison term enhancements stricken. And at the section 1172.75 resentencing hearing, a different court denied defendant's request for resentencing under section 1172.75 because it believed defendant was statutorily ineligible as he did not have any current prison priors. The court, however, as well as the parties, mistakenly believed the prison priors had been stricken. In fact, the section 1172.75 resentencing court agreed with the example defense counsel brought up and "if that had been the situation here," defendant "could have been entitled to two full resentencing hearings." Our review of the record indicates that the three prison priors had not been stricken from defendant's judgment.

Here, defendant's judgment included three prior prison term enhancements that were imposed and stayed before January 1, 2020. Neither prior prison term enhancement was for a sexually violent offense. The section 1172.75 resentencing court, the People, and defense counsel below all erroneously believed the three stayed prison priors had been stricken in August 2023. However, the record reflects that defendant had three prior prison terms which were imposed prior to January 1, 2020 and were never stricken or reimposed. Thus, defendant was a person serving a sentence that included prior prison term enhancements. The court erred in determining that defendant was ineligible for a

16

resentencing hearing under section 1172.75.  Therefore, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing pursuant to section 1172.75, subdivision (d).

IV.

DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing.  We express no opinion on whether defendant would be entitled to any further relief at the resentencing hearing on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

J.

We concur:

MILLER_____

     Acting P. J.

RAPHAEL_____

     J.

17